**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JUN 1 2 2020

JAMES W. McCORMACK, CLERK

By:_____
DEP CLERK

**JOHN SMITH, Individually and on**
**Behalf of All Others Similarly Situated**

**PLAINTIFF**

vs.

No. 4:20-cv-__739-__LPR

**U.S. PIZZA CO., INC.**

**DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMEs NOW Plaintiff John Smith, individually and on behalf of all others similarly situated ("Plaintiff"), by and through his attorneys Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant U.S. Pizza Co., Inc. ("Defendant"), he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff, individually and on behalf of all other similarly situated employees, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*. ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendant's failure to pay Plaintiff and all others similarly situated a lawful minimum wage as required by the FLSA and the AMWA.

2.    Upon information and belief, for at least three (3) years prior to the filing of

This case assigned to District Judge Rudofsky
and to Magistrate Judge Deere

this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.     JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.      Defendant owns and operates restaurants throughout Arkansas, including restaurants within the Central Division of the Eastern District of Arkansas.

7.      The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

8.      Plaintiff is an individual and resident of Pulaski County.

9.      Defendant is a domestic, for-profit corporation.

10.      Defendant's registered agent for service of process is Kelli S. Enlow, who may be served at 2710 Kavanaugh Boulevard, Little Rock, Arkansas 72205.

## IV.     FACTUAL ALLEGATIONS

11.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

13.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

14.     Defendant was Plaintiff's employer and the employer of the proposed collective within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

15.     Defendant owns and operates several U.S. Pizza restaurants in Arkansas.

16.     Plaintiff was employed by Defendant to work at its location in Bryant, among other locations, during the time period relevant to this lawsuit.

17.     Plaintiff was employed by Defendant as an hourly paid Server from December of 2018 to February of 2020.

18.     Plaintiff and similarly situated employees are or were engaged in commerce or in the production of goods for commerce.

19.     Plaintiff and similarly situated Servers were employed by Defendants as hourly, non-exempt workers at U.S. Pizza restaurants during the time period relevant to this lawsuit.

20.     At all relevant times, Defendant directly hired Plaintiff and similarly situated employees to work in its restaurants, paid them wages, controlled their work schedules,

duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21.     Defendant pays its Servers less than the statutory minimum wage. Instead of paying the required minimum wage, Defendant takes advantage of the tip credit allowed by 29 U.S.C. § 203(m) and Ark. Code Ann. § 11-4-212.

22.     Plaintiff and those similarly situated performed both duties that generated tips, such as delivering food to customers ("tipped work"), and duties that did not generate tips, such as taking phone and drive-thru orders, preparing food, folding boxes, or washing dishes ("non-tipped work").

23.     Defendant does not distinguish between time spent by Servers on tipped work and time spent on non-tipped work.

24.     Taking phone and drive-thru orders, folding boxes, washing dishes and other non-tipped duties are a regular part of Servers' jobs. Non-tipped duties occupy approximately forty or fifty percent of Servers' time.

25.     Defendant paid Plaintiff and those similarly situated the same rate—below the applicable minimum wages—for both tipped work and non-tipped work.

26.     As a result of the policies put in place by Defendant, Plaintiff and those similarly situated were often required to perform non-tipped work for less than minimum wage.

27.     Plaintiff and all those similarly situated are entitled to the return of their tips and wages and compensation based on the standard minimum wage for all hours spent on non-tipped work.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

28.    At all relevant times, Plaintiff and all other similarly situated employees have been entitled to the rights, protections and benefits provided by the FLSA.

29.    Plaintiff brings his claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

30.    Plaintiff brings his FLSA claim on behalf of all hourly-paid workers who were employed by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

a.    An overtime premium for all hours worked in excess forty (40) in a week;

b.    Liquidated damages; and

c.    Attorneys' fees and costs.

31.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

32.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

33.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They were classified as non-exempt from the overtime requirements of the FLSA and paid an hourly rate;

B.    They had substantially similar job duties, requirements and pay provisions;

C.    They were subject to Defendant's policy and practice of paying them according to the tip credit in 29 U.S.C. § 203(m) whether or not they were performing

tipped work;

      D.    They recorded their time the same way.

      34.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds one hundred (100) persons.

      35.    Defendant can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

      36.    At all relevant times, each member of the FLSA Collective regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

      37.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

      38.    At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

      39.    At all relevant times, Plaintiff has been an "employee" of Defendant's as defined by 29 U.S.C. § 203(e).

      40.    At all relevant times, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

41.     29 U.S.C. §§ 206 and 207 requires employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

42.     At all relevant times, Defendant willfully failed and refused to compensate Plaintiff for all hours worked at the standard minimum wage under the FLSA because it failed to distinguish between time that Plaintiff spent on tipped work and time he spent on non-tipped work.

43.     Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage, less the amount of wages actually received.

44.     Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

45.     Plaintiff is entitled to an award of his attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

### VII.     SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

46.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

47.     At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the AMWA.

48.     At all relevant times, Plaintiff has been an "employee" of Defendant, as defined by Ark. Code Ann. § 11-4-203(3).

49.     At all relevant times, Defendant was an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

50.     Defendant failed to pay Plaintiff the minimum wages required under the AMWA for non-tipped work.

51.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

52.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

53.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

54.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Collective Claim for Violation of the FLSA)

55.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

56.     This is a collective action filed on behalf of all tipped employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid wages because they were not paid a sufficient minimum wage for all hours worked.

57.     Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

58.     At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

59.     At all relevant times, Plaintiff and all similarly situated employees have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

60.     At all relevant times, Defendant was an "employer" of Plaintiff and all other similarly situated employees, as defined by 29 U.S.C. § 203(d).

61.     29 U.S.C. §§ 206 and 207 requires employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

62.     Defendant failed to pay Plaintiff and all similarly situated employees lawful minimum wage for all hours worked.

63.     Because these employees are similarly situated to Plaintiff, and are owed compensation for the same reasons, the proposed collective is properly defined as follows:

**All tipped employees within the past three years.**

64.     At all relevant times, Defendant willfully failed and refused to pay Plaintiff and all other similarly situated employees a lawful wage under the FLSA because Defendant paid Plaintiff and similarly situated employees less than the minimum wage for non-tipped work.

65.     Defendant's violations entitle Plaintiff and all other similarly situated employees to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage, less the amount of wages actually received.

66.     Defendant's violations entitle Plaintiff and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

67.     Plaintiff and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff John Smith, individually and on behalf of all others similarly situated, respectfully requests this Court grant the following relief:

A.     That Defendant be summoned to appear and answer herein;

B.     That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.     A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AMWA and the attendant regulations;

D.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.     Judgment for damages for all unpaid back wages owed to Plaintiff and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the FLSA, the AMWA and the attendant regulations;

F.     Judgment for liquidated damages pursuant to the FLSA, the AMWA and the attendant regulations;

G.     An order directing Defendant to pay Plaintiff and members of the collective interest, reasonable attorney's fees and all costs connected with this action; and

H.     Such other relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JOHN SMITH, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER,
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com